IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 07-cv-00442

| | |
|---|---|
| ENGINEERED RECYCLING COMPANY, LLC,<br><br>*Plaintiff,*<br><br>vs.<br><br>FONG KEE IRON WORKS CO., LTD. a/k/a FONG KEE INTERNATIONAL MACHINERY CO., LTD. and HOLLO PLASTICS EQUIPMENT, INC.,<br><br>*Defendants.* | **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

It is hereby stipulated and agreed, by and between the parties hereto and their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential research, development, commercial, trade secret, or other proprietary information, which should be protected from unauthorized disclosure. Accordingly, the discovery of certain documents and information may be conducted only pursuant to the following terms, conditions, restrictions and procedures of this confidentiality agreement and protective order (the "Protective Order"):

1. Documents and written information, whether stored electronically or otherwise, or oral or recorded information produced by any party or non-party in the course of discovery in this action that are confidential in nature and that contain confidential research, development, commercial, trade secret, or other proprietary information (hereinafter collectively referred to as "material" or "materials") may be designated as such by the person producing the material. All

such designations shall be made in good faith and for a legitimate purpose. Such designations shall be made by placing on the face of the material or by otherwise conspicuously labeling the material with the following designation or a substantially similar designation:

CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER

Duplicate copies of such material shall also be deemed CONFIDENTIAL. The use of material that has been designated as CONFIDENTIAL may be further restricted by the additional designation of such material as ATTORNEY'S EYES ONLY. Notwithstanding the foregoing, materials that are public records or in the public domain, shall not be considered CONFIDENTIAL. The disclosure or production of materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall not be deemed a waiver of the right of the person producing the materials to preserve the confidentiality of any other materials.

2.  Counsel for any party or any witness may designate the transcript or exhibits (or any portion thereof) of any deposition as CONFIDENTIAL by so stating on the record of the deposition or by doing so within seven (7) days of receipt of the transcript of the deposition or within seven (7) days of the entry of this Protective Order by the Court. Until such seven (7) day period following the receipt of the deposition transcript expires, each transcript shall be treated as CONFIDENTIAL.

3.  Except as otherwise provided herein, materials designated as CONFIDENTIAL pursuant to this Protective Order, and any information contained therein, and any notes, abstracts or summaries made therefrom, shall not thereafter be disclosed in any manner to anyone other than to the following: the parties herein (including their present and former officers and employees directly involved in the prosecution or defense of this action); their respective outside or in-house counsel, including legal assistants or other regular law firm or in-house employees working under counsel's supervision who are involved in the prosecution or defense of this

action; any mediator or other person presiding over formal alternative dispute resolution sessions; and persons employed by or assisting counsel in preparation for, or at the trial of this action, including experts or consultants whom counsel may consult. All such CONFIDENTIAL materials shall be used solely for the prosecution or defense of this action. Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 8 and 9 below.

4. The only persons who shall have access to CONFIDENTIAL materials designated ATTORNEY'S EYES ONLY shall be outside or in-house counsel and any associates, secretaries, legal assistants, support staff employees, and independent experts to whom it is necessary that the materials be disclosed for the purposes of this litigation. Such designations shall be made by placing on the face of the material or by otherwise conspicuously labeling the material with the following designation or a substantially similar designation:

CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY SUBJECT TO
PROTECTIVE ORDER

Disclosure to all such persons identified in this paragraph shall be in accordance with the provisions of paragraphs 8 and 9 below.

5. In the event that materials designated CONFIDENTIAL are later desired by a party, or the non-party producing such materials, to come within the ATTORNEY'S EYES ONLY category, such materials can be added to that category if mutually agreed upon by the parties (and the producing non-party, if applicable) or upon Order of this Court after appropriate motion. During the pendency of any such motion or request by a party or producing non-party, the materials at issue shall be treated as coming within the ATTORNEY'S EYES ONLY category until the request or motion is resolved.

6. In the event that counsel for any party determines that the defense or prosecution of this action requires material that has been designated as CONFIDENTIAL pursuant to this Protective Order, including depositions, be disclosed for any purpose to persons not otherwise authorized herein, written notice that such party intends to seek permission of the Court to make such disclosure, identifying the otherwise unauthorized person and designating the materials desired to be disclosed, must be made to the party or non-party who submitted the materials (through counsel, where represented) not less than five (5) days prior to the intended disclosure. If within five (5) days after the receipt of notice, the party or non-party who submitted the materials makes a written objection to the party giving the notice, the CONFIDENTIAL materials shall not be disclosed unless the Court so orders. If timely written objection is not made, the party or non-party who submitted the materials shall be deemed to have waived any objection to the disclosure of the designated materials to the identified person only, and such disclosure may proceed without further order of the Court. Before disclosure of any CONFIDENTIAL materials may be made to persons not otherwise authorized herein, whether by Court order or otherwise, the persons to whom such disclosure is to be made must comply with the conditions set forth in paragraphs 8 and 9 below.

7. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation or ATTORNEY'S EYES ONLY designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point with the designation by the producing party or producing non-party of any materials as CONFIDENTIAL or ATTORNEY'S EYES ONLY, the parties and any affected producing non-party shall try first to resolve the dispute informally and in good faith. If the dispute cannot be resolved, the objecting party may seek appropriate relief

from the Court. During the pendency of any such Court intervention, the materials at issue shall be treated as CONFIDENTIAL or ATTORNEY'S EYES ONLY, as the case may be, until the Court has resolved the issue.

8. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order is hereby prohibited from divulging any such material without first obtaining authorization from the party or non-party that produced the material or from the Court, or from exploiting in any way such material for his or her own benefit, or from using such material for any purpose or in any manner not directly related to the prosecution or defense of this action.

9. Each person to whom disclosure of any CONFIDENTIAL material is made in accordance with this Protective Order, including the parties hereto and their attorneys, agents and representatives, must consent to be bound by the terms of this Protective Order. Prior to any such disclosure, each such person (excluding the parties' full-time employees, outside or in-house counsel and their respective employees engaged in the prosecution or defense of this action) shall execute the undertaking attached hereto as Exhibit A, a copy of which shall be delivered to the attorneys for all other parties (and any producing non-party, if the disclosure includes materials produced by such non-party) prior to such disclosure; provided, however, that as to any expert or consultant who is to receive CONFIDENTIAL material, such expert or consultant shall be required to deliver an executed copy only to the outside counsel with whom the expert or consultant has been retained or is working.

10. In the event a deponent in this action refuses to execute a copy of Exhibit A, said deponent shall be advised, on the deposition record, as to the effect of this Protective Order and the record shall reflect the deponent's refusal to execute the consent form.

11. Unless counsel for all parties (and any affected non-party that produces materials, where applicable) agree otherwise, or until an Order of this Court otherwise directs, all CONFIDENTIAL materials and all pages of any briefs, memoranda, affidavits, transcripts, exhibits, and other papers containing notes or summaries of materials that have been designated as CONFIDENTIAL pursuant to this Protective Order and are presented to the Court shall be filed under seal, with the following notation included in the caption: "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED *(insert order date here)*."

12. This Protective Order is entered without prejudice to the right of any party or producing non-party to apply to the Court at any time for additional protection, or to relax or resolve the restrictions of this Protective Order, when convenience or necessity requires. In the event that any party or producing non-party considers material subject to production to require a greater degree of confidentiality or protection than that conferred by this Protective Order, the parties and the affected producing non-parties, where applicable, may mutually agree to alternative means of production, including without limitation more stringent designation or access provisions. Alternatively, any party or producing non-party may seek relief with respect to production of such material from the Court.

13. For purposes of the use at trial or other proceeding of any of the material designated as CONFIDENTIAL pursuant to this Protective Order, the ultimate determination of the confidentiality of any such material shall be made by the Court upon application by any party, or by a non-party only with respect to materials that it has produced, and the designation of material as CONFIDENTIAL shall not otherwise affect the Court's determination as to whether it shall be received into evidence at trial or other proceeding; nor shall such designation

constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material.

14. Although all parties have initiated adequate procedures to insure that legally privileged material is not produced, it is possible that legally privileged material will be produced inadvertently. If any legally privileged material is inadvertently produced, counsel for the party or non-party that produced them may request, in writing, that such material be returned. Upon request, all persons who received such material shall return the material and all copies in the person's possession within five (5) days of the date the return is requested. The inadvertent production of any privileged material shall not be deemed a waiver of any privilege applicable to that material or any other.

15. Within sixty (60) days of the final disposition of this action, including the exhaustion of any appellate proceedings, all materials which have been designated as CONFIDENTIAL pursuant to this Protective Order and all copies, excerpts or extracts, except for such material which has become part of the record of this action, shall be either: (i) returned to the person producing the material, or (ii) destroyed with certification under oath made to the person producing the material confirming the destruction thereof; provided, however, that outside counsel for each party, and only said counsel may, if they so elect, retain one copy of each deposition transcript, one copy of each deposition or trial exhibits, one copy of each item containing CONFIDENTIAL materials filed with the Court pursuant to this Protective Order, and one archived set of produced documents, which may be retained by said counsel if such CONFIDENTIAL materials are kept in an appropriately secured manner.

16. The provisions of this Protective Order shall survive the settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Protective Order.

17. This Protective Order provides certain rights to non-parties that produce materials in the course of discovery in this action, but only with respect to materials that the non-party itself produces. This Protective Order shall not be interpreted to provide rights to any non-party with respect to materials that are produced by the parties or other non-parties in the course of discovery in this action.

All of the foregoing is so ORDERED, this 28th day of December, 2007.

_____
**CARL HORN, III**
**UNITED STATES MAGISTRATE JUDGE**

AGREED AND SUBMITTED FOR ENTRY:

This the ____ day of December, 2007.

          s/ Jonathan E. Buchan
          Jonathan E. Buchan
          N.C. State Bar No. 8205
          Richard H. Conner, III
          N.C. State Bar No. 28480
          HELMS MULLISS & WICKER, PLLC
          201 North Tryon Street
          Post Office Box 31247
          Charlotte, NC 28231
          Telephone: (704) 343-2000
          Facsimile: (704) 343-2300
          jon.buchan@hmw.com
          rick.conner@hmw.com
          *Attorneys for Defendant Fong Kee International Machinery Co., Ltd.*

s/ Robert L. Burchette
Robert L. Burchette
Martin L. White
Johnston, Allison & Hord, P.A.
Post Office Box 36469
Charlotte, North Carolina 28236
rburchette@jahlaw.com
mwhite@jahlaw.com
*Attorney for Plaintiff Engineered Recycling Company, LLC*

s/ John W. Bowers
John W. Bowers
Amy P. Hunt
Horack, Talley, Pharr & Lowndes, P.A.
2600 One Wachovia Center
301 South College Street
Charlotte, NC 28202
jbowers@horacktalley.com
ahunt@horacktalley.com
*Attorney for Hollo Plastics Equipment, Inc.*

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 07-cv-00442

| | |
|---|---|
| ENGINEERED RECYCLING COMPANY, LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> FONG KEE IRON WORKS CO., LTD. a/k/a FONG KEE INTERNATIONAL MACHINERY CO., LTD. and HOLLO PLASTICS EQUIPMENT, INC., <br><br> *Defendants.* | **UNDERTAKING OF** <br><br> _____ |

The undersigned hereby acknowledges that he/she has read the Protective Order entered by the Court in this action on _____, 2007, a copy of which is attached hereto, and does hereby agree to comply with and to be bound by the terms of the Protective Order. The undersigned specifically acknowledges and agrees that except as necessary for the prosecution or defense of this action, he/she is prohibited from disclosing or divulging any of the materials designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY in this action, from exploiting in any way such materials for his/her own benefit, or from using such materials for any purpose or in any manner not connected with the prosecution or defense of this action. The undersigned hereby submits to the jurisdiction of this Court for the purpose of enforcement of the Protective Order. The terms of the Protective Order are incorporated herein by reference.

(SIGNATURE PAGE FOLLOWS)

Dated: _____

Printed Name: _____

Sworn to and subscribed before me
this _____ day of _____, 200__.

_____
Notary Public
My Commission Expires: _____